UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

JOHN HAYNES, :
      Petitioner, :
       :
      v. : No. 2:14-cv-5623
       :
KERESTES; THE DISTRICT ATTORNEY :
OF THE COUNTY OF PHILADELPHIA; :
and THE ATTORNEY GENERAL OF :
THE STATE OF PENNSYLVANIA, :
      Respondents. :
_____

# **O P I N I O N**
Report and Recommendation, ECF No. 13 - Adopted in Part

**JOSEPH F. LEESON, JR.**                                                                 June 22, 2017
**United States District Judge**

## I. INTRODUCTION

John Haynes filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging, inter alia, trial counsel's ineffectiveness and prosecutorial misconduct regarding his 1995 criminal conviction in the Philadelphia County Court of Common Pleas. Magistrate Judge Linda K. Caracappa has issued a Report and Recommendation ("R&R") recommending that the habeas corpus petition be denied as untimely. Haynes timely filed objections thereto. After de novo review and for the reasons set forth below, the R&R is adopted in part[1] and the habeas petition is dismissed as untimely.

---

[1] It appears that the Magistrate Judge accepted the dates set forth in the Response brief. *Compare* R&R 1-5, ECF No. 13, *with* Resp. 3-10, ECF No. 12. Unfortunately, several of these dates are incorrect. *See id.* (listing the date of Haynes's sentence and the date that the Pennsylvania Superior Court affirmed the sentence both as May 23, 1995, which is not correct for either event). Some of the erroneous dates may have originated in the Pennsylvania Superior Court's opinion affirming the June 6, 2001, Order dismissing Haynes's second PCRA petition as

1

## II.    PROCEDURAL HISTORY[2]

Following a jury trial, Haynes was found guilty of murder in the second degree, robbery, possessing instruments of crime, and criminal conspiracy. *Commonwealth v. Haynes*, CP-51-CR-0904461-1994 (Phila. C.P. filed Sept. 15, 1994). He was sentenced in May 1995 to life imprisonment on the murder charge with concurrent sentences on the other counts. *Id.* The Pennsylvania Superior Court affirmed judgment on July 29, 1996, and the Pennsylvania Supreme Court denied a petition for allowance of appeal on January 16, 1997. *Commonwealth v. Haynes*, 689 A.2d 232 (Pa. 1997) (denying a petition for allowance of appeal); *Commonwealth v. Haynes*, 685 A.2d 209 (Pa. Super. 1996) (affirming the judgment). Haynes did not seek allocator with the United States Supreme Court.

On or about March 21, 1997,[3] Haynes filed a petition under Pennsylvania's Post Conviction Relief Act, 42 Pa. Cons. Stat. Ann. §§ 9541- 9551 ("PCRA"). The petition was

---

untimely, *see Commonwealth v. Haynes*, No. 1765 EDA 2001 (Pa. Super. Jan, 28, 2002) (mistakenly noting the date the Pennsylvania Supreme Court denied the petition for allowance of appeal as February 12, 1997), ECF No. 12-2, and were repeated in subsequent opinions, *see, e.g. Commonwealth v. Haynes*, No. 1947 EDA 2013, 2014 Pa. Super. Unpub. LEXIS 1806, at *2 (Pa. Super. July 17, 2014) (same). Despite these mistakes, the Magistrate Judge rightly determined that the instant habeas corpus petition is untimely.

[2] This Court has conducted de novo review of the record and the state court docket sheets, of which it may take judicial notice. *See Bennett v. Walsh*, No. 3:CV-11-2286, 2014 U.S. Dist. LEXIS 135314, at *3 n.1 (M.D. Pa. Sept. 22, 2014) ("The Court takes judicial notice of the various state docket sheets cited within which are viewable via the Pennsylvania's Judiciary Web Portal at http://ujsportal.pacourts.us/."). Only where this Court has been unable to determine the exact date is the discrepancy noted. As explained herein, none of these discrepancies impact the untimeliness conclusion.

[3] The R&R and Response list the date that the PCRA petition was filed as March 21, 1997, *see* R&R 1; Resp. 3, but Haynes and the Pennsylvania Superior Court, in its opinion affirming the PCRA court's decision on the second PCRA petition, list the filing date of the PCRA petition as March 31, 1997, *see Haynes*, No. 1765 EDA 2001, Opn. at 2; Pet. 3, ECF No. 1. The state court docket sheet does not indicate when the PCRA petition was filed. *See Commonwealth v. Haynes*, CP-51-CR-0904461-1994 (Phila. C.P. filed Sept. 15, 1994). Because this Court is unable to fix this date with absolute certainty, it utilizes the date that is most beneficial to Haynes.

denied on March 5, 1998, and no appeal was taken. *Haynes*, No. 1765 EDA 2001, Opn. at 2.

Haynes filed a second PCRA petition on December 18, 2000. *Id.* Counsel was appointed, and on March 28, 2001, counsel filed an amended petition. *Id.* The PCRA court dismissed the petition as untimely on June 6, 2001, finding that the statement of Baron Simmons was not newly discovered evidence. *Id.* This decision was affirmed by the Pennsylvania Superior Court on January 28, 2002. *Id* ; *Haynes*, CP-51-CR-0904461-1994. On July 2, 2002, the Pennsylvania Supreme Court denied a petition for allowance of appeal. *Commonwealth v. Haynes*, 805 A.2d 520 (Pa. July 2, 2002); *Haynes*, CP-51-CR-0904461-1994.

Haynes filed a third PCRA petition on April 8, 2008, based on newly discovered evidence. *See Haynes*, 2014 Pa. Super. Unpub. LEXIS 1806, at *2-*4; *Haynes*, CP-51-CR-0904461-1994. This allegedly new evidence consisted of the recanted testimony of Haynes's co-defendant Marvin Baskerville; however, after an evidentiary hearing, the PCRA court concluded that the recantation was not credible and that, even if it was credible, it was not sufficient to meet the high burden for a second or subsequent PCRA petition. *Haynes*, 2014 Pa. Super. Unpub. LEXIS 1806, at *3 - *4 & n.1. The PCRA petition was therefore denied on January 20, 2010, and no appeal was taken. *Id.*

On December 15, 2010, Haynes filed a pro se petition for writ of habeas corpus in the state court, seeking reinstatement of his right to file an appeal nunc pro tunc from the denial of his third PCRA petition. *Id.* This petition, which was treated as his fourth PCRA petition, was dismissed as untimely on June 21, 2013. *Id.* The Pennsylvania Superior Court affirmed the dismissal on July 17, 2014, *see id.*, and no further appeal was taken.

The instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was filed on October 1, 2014.

3

### III. STANDARD OF REVIEW

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"). "District Courts, however, are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, 655 F. App'x. 142, 147 (3d Cir. 2016). The district "court may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C) (2009).

### IV. ANALYSIS

There is a one-year period of limitation for a person in custody pursuant to the judgment of a State to file an application for writ of habeas corpus in federal court. *See* 28 U.S.C. § 2244(d)(1). Section 2244 provides that the one-year period of limitations shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted

4

toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Further, this limitations period in "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010).

Because Haynes had ninety days to petition for certiorari to the United States Supreme Court after the Pennsylvania Supreme Court denied his petition for allowance of appeal, his sentence became final on April 16, 1997. *See Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 (3d Cir. 2013) (citing Sup. Ct. R. 13.1). In March 1997, before his judgment became final, Haynes properly filed a PCRA petition. Thus, his one-year period of limitations did not start until the appeal period had expired following the PCRA court's denial of this petition on March 5, 1998. *See Codner v. Warden-Pike Cnty.*, No. 15-5176, 2016 U.S. Dist. LEXIS 136748, at *15 n.4 (E.D. Pa. Oct. 3, 2016) (explaining that when no appeal is taken, a PCRA petition remains pending for thirty days after the petition is denied). Haynes therefore had until April 4, 1999, to file a federal habeas corpus petition. However, he waited for more than fifteen years, until October 1, 2014, to file the instant petition for writ of habeas corpus.

Haynes admits that the instant habeas petition was not filed within one year, but argues that he is entitled to equitable tolling because the state court misled him regarding the methods of appeal after his third PCRA petition was denied in 2010. For support, Haynes cites *Brinson*, which held that "equitable tolling is proper when the party in question 'has in some extraordinary way been prevented from asserting his or her rights'" and that "[o]ne such potentially extraordinary situation is where a court has misled a party regarding the steps that the party needs to take to preserve a claim." *Brinson v. Vaughn*, 398 F.3d 225, 230-31 (3d Cir. 2005) (quoting *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003)).

5

Haynes's reliance on *Brinson* is unavailing because regardless of whether he was misled about the appellate process following the denial of PCRA relief in 2010, the one-year period of limitations expired nine years before his third PCRA petition was filed. The significant date for the timeliness calculation under § 2244 is when judgment became final on the underlying criminal conviction, not on collateral review. Moreover, "the federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's collateral proceeding does not enter into the habeas calculation." *Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998). His request for equitable tolling on this basis is denied.

Haynes also objects to the R&R by claiming that the Magistrate Judge allegedly acknowledged that the PCRA court determined that he ascertained Simmons's affidavit with due diligence, when in fact that R&R states: "the PCRA court found the affidavit was '*ascertainable* by the exercise of due diligence.'" R&R 7 (emphasis added). The distinction between "ascertained" and "ascertainable" is significant as it controlled the PCRA court's conclusion that Haynes had not presented new evidence, which was binding on the federal court. *See id.* (citing *Sistrunk v. Rozum*, 674 F.3d 181, 191-92 (3d Cir. 2012) (concluding that evidence that could have been discovered through the exercise of reasonable diligence is not "newly discovered" within the meaning of Rule 33, and that the findings of the state court in this respect were binding on the federal court)). This objection is therefore overruled.

As to Haynes's final objection regarding the evidence against him, this Court agrees with the Magistrate Judge's reasoning and sees no need to make any separate findings or conclusions in this regard. *See Hill*, 655 F. App'x. at 147.

## V.    CONCLUSION

Magistrate Judge Caracappa correctly concludes that the instant petition for writ of habeas corpus, filed more than fifteen years after judgment became final, is untimely and that no equitable exceptions to the period of limitations apply. This Court therefore adopts the recommendation to deny the habeas petition as untimely, and agrees that there is no basis for the issuance of a certificate of appealability[4] because jurists of reason would not find it debatable that Haynes's petition is time-barred, and is not subject to equitable tolling.

A separate Order will be issued.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[4] "When, as here, the district court denies relief on procedural grounds, the petitioner seeking a COA must show both 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).